IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| DAVID ARTHUR YOCUM, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEMATOPATHOLOGY ASSOCIATES, L.L.C. doing business as BIO GX LABORATORY, a Florida limited liability company,<br><br>Defendant. | Case No. 2:22-cv-00400-SPC-NPM |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S PUTATIVE CLASS ACTION COMPLAINT**

Defendant hereby submits its Answer and Affirmative Defenses to Plaintiff David Arthur Yocum's Putative Class Action Complaint (ECF No. 1) ("Complaint").

With respect to the unnumbered first Paragraph of the Complaint, Defendant admits that Plaintiff purports to bring this action on behalf of himself and others he claims are similarly situated. Defendant denies all remaining allegations of Paragraph 1. Defendant further denies all wrongdoing or that certification of the putative class is appropriate.

**NATURE OF THE ACTION**[1]

1.  Defendant admits that the allegations of Paragraph 1 refer to the

---

[1] For the Court's convenience, Defendant has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Defendant does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein; nor does Defendant waive any right to object to those characterizations.

Telephone Consumer Protection Act ("TCPA") and a Supreme Court decision. Defendant denies any remaining allegations of Paragraph 1.

2. Defendant denies the allegations of Paragraph 2.

3. Defendant denies the allegations of Paragraph 3.

## PARTIES

4. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 4 and therefore denies the same.

5. Defendant admits that it is a Florida Limited Liability Company but denies all remaining allegations of Paragraph 5.

## JURISDICTION AND VENUE

6. The jurisdictional allegations of Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that Plaintiff purports to bring this action under the TCPA but denies that Plaintiff has standing under Article III, depriving the Court of subject matter jurisdiction. Except as expressly admitted herein, Defendant denies any remaining allegations of Paragraph 6.

7. The jurisdictional allegations of Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits it is a Florida entity. Except as expressly admitted herein, Defendant denies any remaining allegations of Paragraph 7.

8. The jurisdictional allegations of Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Defendant denies

that it committed any wrongdoing whatsoever, including in this venue.  Defendant denies any remaining allegations of Paragraph 8.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

9. Defendant admits the allegations of Paragraph 9 refer to the TCPA, which speaks for itself.  Defendant denies any remaining allegations of Paragraph 9.

10. Defendant admits the allegations of Paragraph 10 refer to the TCPA, which speaks for itself.  Defendant denies any remaining allegations of Paragraph 10.

11. Defendant admits the allegations of Paragraph 11 refer to the TCPA and uncited rules and regulations promulgated thereunder, which speak for themselves. Defendant denies the remaining allegations of Paragraph 11.

12. Defendant admits the allegations of Paragraph 12 refer to the TCPA and an FCC Order, which speak for themselves.  Defendant denies any remaining allegations of Paragraph 12.

**<u>Online Complaints Showing Bio-Genetics Lab Places Such Telemarketing Calls</u>**

13. Defendant admits only that the allegations of Paragraph 13, including footnotes 1 through 12, reference purported and unverified online posts.  Defendant denies the remaining allegations of Paragraph 13, denies such unverified posts show that Defendant placed unsolicited telemarketing calls, and further denies any alleged wrongdoing.

14. Defendant admits only that the allegations of Paragraph 14, including footnotes 13 through 22, reference purported and unverified online posts.  Defendant

is without sufficient information to admit or deny the remaining allegations contained in Paragraph 14 and therefore denies the same. Defendant further denies such unverified posts show that Defendant placed unsolicited telemarketing calls and further denies any alleged wrongdoing.

15. Defendant denies the allegations of Paragraph 15.

16. Defendant denies the allegations of Paragraph 16.

17. Defendant denies the allegations of Paragraph 17.

18. Defendant admits that Plaintiff filed a lawsuit seeking relief but denies any such relief is appropriate or warranted. Defendant further denies any wrongdoing or that a class could ever be certified.

## FACTUAL ALLEGATIONS

19. The allegations of Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it is a business entity. Except as expressly admitted herein, Defendant deny any remaining allegations of Paragraph 19.

20. Defendant admits it offers genetic tests to consumers. Defendant denies any remaining allegations of Paragraph 20.

21. Defendant is without sufficient information to admit or deny the allegations of Paragraph 21 and therefore denies the same.

22. Defendant is without sufficient information to admit or deny the allegations of Paragraph 22 and therefore denies the same.

23. Defendant is without sufficient information to admit or deny the allegations of Paragraph 23 and therefore denies the same.

24. Defendant is without sufficient information to admit or deny the allegations of Paragraph 24 and therefore denies the same.

25. Defendant is without sufficient information to admit or deny the allegations of Paragraph 25 and therefore denies the same.

26. Defendant denies the allegations of Paragraph 26.

27. Defendant denies the allegations of Paragraph 27.

28. Defendant admits only that the allegations of Paragraph 28 reference purported voicemails, which speak for themselves. Defendant denies any remaining allegations of Paragraph 28.

29. Defendant admits only that the allegations of Paragraph 29 reference a privacy policy, which speaks for itself. Defendant denies any remaining allegations of Paragraph 29.

30. Defendant denies the allegations of Paragraph 30.

31. Defendant denies the allegations of Paragraph 31.

32. Defendant denies the allegations of Paragraph 32.

## **CLASS ACTION ALLEGATIONS**

33. Defendant admits that Plaintiff purports to have filed this action on behalf of himself and all others he claims are similarly situated as alleged members of the class described in Paragraphs 33 and 35. Defendant denies that this action satisfies

the requirements to be maintained as a class action. Defendant denies any remaining allegations of Paragraph 33.

34. Defendant admits that Plaintiff purports to represent the putative class described in Paragraphs 33 and 35. Defendant denies that this action satisfies the requirements to be maintained as a class action, and denies that Plaintiff has standing to represent this putative class. Defendant denies any remaining allegations of Paragraph 34.

35. Defendant admits that Plaintiff purports to have filed this action on behalf of himself and all others he claims are similarly situated as alleged members of the class described in Paragraphs 33 and 35. Defendant denies that this action satisfies the requirements to be maintained as a class action. Defendant denies any remaining allegations of Paragraph 35.

36. Defendant denies the allegations of Paragraph 36.

37. Defendant admits that Plaintiff purports to seek injunctive relief and money damages but denies such relief is warranted. Defendant denies that this action satisfies the requirements to be maintained as a class action. Defendant further denies any remaining allegations of Paragraph 37.

38. Defendant denies the allegations of Paragraph 38.

39. Defendant denies the allegations of Paragraph 39.

40. Defendant denies the allegations of Paragraph 40.

41. Defendant denies the allegations of Paragraph 41.

42. Defendant denies the allegations of Paragraph 42, including sub-paragraphs (a) through (c).

43. Defendant denies the allegations of Paragraph 43.

44. Defendant denies the allegations of Paragraph 44.

45. Defendant denies the allegations of Paragraph 45.

46. Defendant denies the allegations of Paragraph 46.

**COUNT I**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**On Behalf of Plaintiff Yocum and the Pre-recorded No Consent Class**

47. Defendant incorporates its responses to Paragraphs 1–46 as if fully set forth herein.

48. Defendant denies the allegations of Paragraph 48.

49. Defendant denies the allegations of Paragraph 49.

50. Defendant denies the allegations of Paragraph 50.

**PRAYER FOR RELIEF**

Defendant denies the allegations of Plaintiff's unnumbered "WHEREFORE" section, including each and every allegation in subparagraphs (a) through (d). Defendant further denies that Plaintiff is entitled to class certification, appointment as class representatives or counsel, damages, equitable relief, injunctive relief, fees, costs, or any relief whatsoever.

**JURY DEMAND**

Defendant denies that any of the allegations set forth in the Complaint allege

triable issues against it.

## GENERAL DENIAL

Defendant denies any and all allegations set forth in the Complaint that are not specifically admitted herein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Defendant does not admit that it bears the burden of proof or the burden of persuasion with respect to any defense.

## FIRST AFFIRMATIVE DEFENSE

**(Arbitration and Class Waiver)**

Plaintiff and the putative class members are barred from asserting their claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving the Court of jurisdiction over their claims and rendering venue in this Court improper.

## SECOND AFFIRMATIVE DEFENSE

**(Consent)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part because the calls at issue were sent with the recipients' prior express permission and/or consent and that consent was either irrevocable or was not effectively revoked. Indeed, Plaintiff expressly consented to the phone calls of which

he now complains, and Defendant only contact individuals from which they have obtained valid consent.

## THIRD AFFIRMATIVE DEFENSE

**(Acquiescence, Estoppel, Waiver, Fraud, Conspiracy and Unclean Hands)**

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrines of acquiescence, estoppel, waiver, fraud, conspiracy, and/or unclean hands. For example, Plaintiff cannot assert claims under the TCPA against Defendant to the extent he or others voluntarily provided telephone numbers for the purpose of receiving calls like the ones referenced in the Complaint.

## FOURTH AFFIRMATIVE DEFENSE

**(Laches)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate Damages)**

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by their failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

**(No Knowing or Willful Misconduct)**

Any claim for treble damages or penalties is barred because Defendant did not engage in knowing or willful misconduct. For example, Defendant only place calls to numbers of persons who consent to such calls.

## SEVENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff and the putative class members lack standing to bring the claims alleged in the Complaint, especially against Defendant because any harm allegedly caused by the calls at issue (which Defendant deny) is not fairly traceable to any violation allegedly committed by Defendant, and because Plaintiff did not suffer any Article III harm pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) and *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021).

## EIGHTH AFFIRMATIVE DEFENSE

### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Defendant cannot be held vicariously liable. Further, Defendant did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct of which Plaintiff complains and cannot be held liable for it. For example, to the extent independent third parties caused any damages, injuries, violations of the law, or engaged in the conduct of which the Complaint complains, such third parties acted outside the scope or in violation of the parties' agreements, Defendant did not approve of such conduct, and Defendant did not receive any benefits from such conduct. As such, Defendant cannot be held vicariously liable. And even if they could, their liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Join Party or Name Proper Defendant)

Any and all claims brought in the Complaint are barred, in whole or in part, by failure to join a necessary or indispensable party, and the failure to name the proper defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Substantial Compliance with Laws)

Defendant is not liable to Plaintiff because Defendant acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

## TWELFTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

Any and all claims brought in the Complaint are barred in whole or in part because, to the extent there was any violation of the TCPA (which is denied), any such violation was not intentional and resulted from a *bona fide* error.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to call the numbers at issue.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No "Pre-recorded" or "Artificial" Voice)

Plaintiff's TCPA claim is barred to the extent a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play, or wholly play, on the alleged calls.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure to maintain this action as a class action.  Further, Defendant give notice that in the event that this Court certifies any class, which Defendant deny would be appropriate, they reserve the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of any such class.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Defendant has not knowingly or intentionally waived any applicable defenses and gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action.  Defendant reserves the right to amend the Answer to assert any such defense.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing from Defendant by reason of this Complaint, and that judgment be entered in favor of Defendant;

2. For dismissal of the Complaint with prejudice;

3. That the Court award Defendant costs and reasonable attorneys' fees, including to the extent allegations of the Complaint were averred without adequate investigation or lack a factual basis; and

4. For such other relief as the Court deems just and proper.

DATED:    August 31, 2022.

                /s/ *Matthew A. Keilson*
              Ryan D. Watstein
              Florida Bar Number 093945
              rwatstein@kcozlaw.com
              Matthew A. Keilson
              Florida Bar Number 1002294
              mkeilson@kcozlaw.com
              171 17th Street NW, Suite 1550
              Atlanta, Georgia 30363
              (404) 400-7300
              (404) 400-7333 Fax

              *Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2022, I filed the foregoing document using the Court's CM/ECF system, which will send a notice of electronic filing to all parties of record.

By: /s/ *Matthew A. Keilson*
Matthew A. Keilson
*Counsel for Defendant*